LINKS: 18, 21, 29

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1339 GAF (SPx) | Date | December 18, 2013 |
|---|---|---|---|
| Title | Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund et al v. C H Stone Plumbing Co Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None | | None | |

**Proceedings:**        **(In Chambers)**

## ORDER REQUESTING FURTHER BRIEFING

Plaintiffs[1] are custodians of a number of different trust funds, each established for the benefit of organized labor in the plumbing and pipefitting industry in Southern California. They brought this action against Defendant C.H. Stone Plumbing Co., Inc. ("C.H. Stone") for failing to make required fringe benefit contributions to the various trusts on behalf of its employees. Additionally, Plaintiffs seek to hold the company's former CEO, Defendant David Kenneth Dean ("Dean"), liable for failing to direct C.H. Stone to make the contributions.

Plaintiffs and Defendant Dean have now filed cross-motions for summary judgment. In reviewing these motions, one contested factor appears to be the date on which fringe benefit contributions were due. Plaintiffs claim that contributions were due on December 10, 2011. Dean has argued that there was no obligation to make the payments until December 25, 2011. Based on the record before the Court, the material facts relevant to the actual deadline seem to be in dispute. But that dispute may be irrelevant.

---

[1] Plaintiffs in this case are represented jointly. They are: Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund; Trustees of the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund; Trustees of the Southern California Pipe Trades Retirement Trust Fund; Trustees of the Southern California Pipe Trades Defined Contribution Trust Fund; Trustees of the Southern California Pipe Trades Vacation and Holiday Trust Fund; Trustees of the Southern California Pipe Trades Christmas Bonus Fund; Trustees of the Apprentice and Journeyman Training Trust Fund; Trustees of the Plumbers and Pipefitters National Pension Fund; and Trustees of the International Training Fund.

LINKS: 18, 21, 29

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1339 GAF (SPx) | Date | December 18, 2013 |
|---|---|---|---|
| Title | Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund et al v. C H Stone Plumbing Co Inc et al | | |

      C.H. Stone filed for bankruptcy on December 20, 2011. Dean therefore believes that, even though he ordinarily controlled the company's assets, he had no discretionary control over them when the purported contribution deadline arrived five days later. Moreover, although the bankruptcy court did not discharge C.H. Stone's debts, the company had no assets when it emerged from bankruptcy. It eventually closed without ever again filling its coffers. Dean therefore urges the Court to find that he never had control over any assets with which C.H. Stone could have made the contributions. If true, he may not have breached a fiduciary duty. But the record is unclear as to whether he ever lost control over the assets.

      The bankruptcy petition was filed under Chapter 11 of the bankruptcy code. And under Chapter 11, the management of a company "can continue to control operations postpetition . . . unless and until a chapter 11 trustee is appointed." Walsh v. Diamond (In re Century City Doctors Hosp., LLC), 2010 Bankr. LEXIS 5048, at *32 (B.A.P. 9th Cir. Oct. 29, 2010) (citing Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 585 & n.6 (9th Cir. 1993). The filing date of the bankruptcy petition matters only if a trustee was appointed before the contribution came due. If no bankruptcy trustee was appointed during that period, Dean would have had control over the assets on December 25 and the dispute over the contribution date would lose any significance.

      Neither Plaintiffs nor Dean have squarely addressed this issue. Plaintiffs suggest that no trustee was ever appointed by referring at one point to C.H. Stone as a debtor-in-possession. (Docket No. 36, [Opp. to Def. Mot. for Summary Judgment] at 18.) However they do not clearly state as much, and the citation for their 'debtor-in-possession' assertion is silent on the precise progression of C.H. Stone's bankruptcy proceedings. Dean certainly never addresses the issue, so it is unclear whether he would dispute any part of Plaintiffs' characterization. The Court is therefore unable to determine whether a trustee was ever appointed in the bankruptcy proceeding. And if one was appointed, the Parties have not informed the Court of the date on which that appointment took place.

      Because these questions may be dispositive in this action, the Parties are hereby **ORDERED** to submit further pertinent briefing of no more than five pages each. Defendant Dean shall submit his papers no later than close of business on Monday, December 30, 2013. Plaintiffs shall submit their response no later than close of business on Monday, January 6, 2013.

/ / /

**LINKS: 18, 21, 29**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1339 GAF (SPx) | Date | December 18, 2013 |
|---|---|---|---|
| Title | Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund et al v. C H Stone Plumbing Co Inc et al | | |

    The hearings on all motions in this case, currently scheduled for December 23, 2013, are hereby **CONTINUED** to **Monday January 13, 2014** at 9:30 a.m.

    **IT IS SO ORDERED.**