**LINKS:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1339 GAF (SPx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund et al v. C H Stone Plumbing Co Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)**

**ORDER RE: THE "COLLATERAL ESTOPPEL" ISSUE**

This case involves the failure of C.H. Stone to contribute to certain benefit plans on behalf of its employees pursuant to a multi-employer collective bargaining agreement between the California Plumbing and Mechanical Contractor's Association ("CPMCA"), of which C.H. Stone is a member, and the United Association of Plumbers and Pipefitters, District Council No. 16. The contributions at issue are for the month of November 2011, which came due on December 10, 2011, with a five day additional grace period. The amount in controversy, not including penalties and interest is approximately $85,000. C.H. Stone has allowed default judgment to be entered against it; the trial addressed the question of David Kenneth Dean's individual liability as a fiduciary for the unpaid contributions.

An issue at trial was whether Dean could claim an offset for contributions that were allegedly overpaid some years earlier. The evidence presented at trial established that lower contribution rates could have been requested for private works projects (as opposed to public works where a prevailing wage agreement was in place) pursuant to an agreement between the union and the association, but no such request had been made by C.H. Stone. Indeed, the record reflected that a number of contractors in late 2011 were claiming that they were entitled to a retroactive credit for "excess" contributions paid on private works projects. Accordingly, a subcommittee of the Joint Arbitration Board, which was created under the master CBA, met to consider whether or not to accept such retroactive requests. The subcommittee consisted of Mike Layton, the union's Assistant Business Manager, and Charles Martin, the Executive Director of the CPMCA. After consideration of the question, they determined that retroactive requests would not be honored. Notice of their determination was given to CPMCA members,

**LINKS:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1339 GAF (SPx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund et al v. C H Stone Plumbing Co Inc et al | | |

who were provided an opportunity to appeal the decision. C.H. Stone did not appeal. Dean now claims that he is entitled to a retroactive offset regardless of the decision of the Joint Arbitration Board. The Court permitted post-trial briefing on that issue.

The briefing has not changed the Court's position. The CBA establishes a procedure for resolving all manner of questions regarding the interpretation and implementation of its terms and conditions. For the reasons stated in Plaintiffs' memorandum, the Court concludes that the determination of the committee on the question is final and binding. This is not a question of application of collateral estoppel but rather the operation of the contract to which C.H. Stone was a party. As the owner and CEO of C.H. Stone and a fiduciary with respect to plan participants, Dean had the obligation to carry out the company's obligations under its agreement with the union. He has no defenses that C.H. Stone did not have, and the company had none. Moreover, as Plaintiffs also note, if the Court were to apply traditional collateral estoppel principles to resolve the issue, the result would be no different. Dean was in privity with C.H. Stone with respect to the JAB proceedings. Wolfson v. Brammer, 616 F.3d 1045, 1064 (9th Cir. 2010) (collateral estoppel precludes relitigation when "the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action").

For these reasons, Dean may not claim any offset against the contributions due for November 2011. The Court finds that Dean is a fiduciary with respect to the contributions due and owing for November 2011, that the contributions came due at the end of that month and were payable on or before December 10, 2011 with a five day grace period to December 15, 2011, and that Dean breached his fiduciary duty by failing to make those contributions then or at any time since. Nothing under ERISA excuses Dean from this obligation and nothing done by the Trustees extinguished that obligation. Dean is therefore liable to the trusts for the amount due together with interest and liquidated damages.

Plaintiffs are to submit detailed findings of fact with citations to the evidentiary record and conclusions of law in light of this ruling and the evidence presented at trial. The proposed findings of fact and conclusions of law, together with a proposed judgment, should be lodged with the Court no later than the close of business on Friday, June 6, 2014.

**IT IS SO ORDERED.**